The opinion of the Court was delivered by
Glover, J.
When the defamatory paper shows clearly what is meant, and of whom it is written, it is unnecessary to allege new matter by way of inducement in the introductory part of the declaration; but where the paper is so ambiguous in its language that, from a perusal of it, the person alluded to cannot be ascertained, or where the libellous purpose is not manifest, a colloquium and averment are necessary to explain the meaning.
If an averment is necessary in pleading to make doubtful expressions clear, no defamatory paper ever required its use more than that declared upon by the plaintiff. Without some reference to extrinsic matter, it is not possible to point out the person alluded to in the alleged libel.' “ De big faced blacksmith,” “Peter Dickey, hog killer,” “Ed,” “Stretch worm,” and “Red animal,”' identify no person, and are altogether incomprehensible, unless we look beyond the meaning conveyed by the words. There is no colloquium averring that these expressions are applicable to the plaintiff, and an innuendo cannot supply its place. As was contended in the argument, this would confound clear distinctions which have been long observed. An innuendo is explanatory of the meaning of a publication by a reference to what has been previously ascertained by averment or otherwise, (1 Stark. 418,) but it cannot extend the sense of words beyond their meaning — as in Barham’s case, 4 Rep. 20, where it was alleged, “ He has burnt mybarn,” (meaning plaintiff’s barn of corn,) the innuendo was held bad, because it did not explain, but extended the meaning of the words used. It is possible that a paper may, by descrip *386 tion, so point out the person and connect him with the libel, as to supersede a colloquium or an averment. Shalmer vs. Foster, Cro. Car. 187.
The new matter introduced by an introductory averment, in explanation of words doubtfully or ambiguously expressed, admits of proof; but an innuendo which is only explanatory and connects together facts already known, either from the face of the paper or by reference to extrinsic matter, is never proved nor admits of proof. (Rosewell’s case. 2 State Trials, 105.)
The same question made by the first ground of appeal, was considered and decided in the case of the State vs. Henderson, (1 Rich. 179,) where most of the leading cases are collected; and, as the same certainty in alleging the publication and the libellous matter is required in civil as in criminal cases, (Bagley vs. Johnson, 4 Rich. 22; the State vs. Goodman, 6 Rich. 387,) it is a direct authority upon the point submitted. The cases of the King vs. Horn, (2 Cowper, 672,) and Van Vechten vs. Hopkins, (5 Johns. 211,) confidently relied upon in support of the motion, fully sustain the decision in the case of the State vs. Henderson. The matter set forth in the first count may be libellous and may be intended to apply to the plaintiff, but from a perusal of the paper, its latent meaning cannot be collected, nor is there any new matter alleged by way of inducement, that shows its defamatory character or which connects the plaintiff with it. An innuendo cannot supply this defect apparent on the declaration, and as the necessary allegations are omitted, there was no evidence submitted proper for the consideration of the jury, and the nonsuit was therefore, properly ordered.
Motion dismissed.
O’Neall, Wardlaw, Withers, Whitner and Munro, JJ., concurred.

Motion dismissed.